UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDONG ADVANCED MATERIALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GREEN ENERGY GLOBAL, INC., et al., <br><br> Defendants. | No. 2:23-cv-00427-TLN-DB <br><br> **ORDER** |

      This matter is before the Court on Indong Advanced Materials, Inc.'s ("Plaintiff") *Ex Parte* Application for a Writ of Possession and Temporary Restraining Order ("TRO"). (ECF No. 7.) For the reasons set forth below, the Court DENIES Plaintiff's *ex parte* application.

      This case involves a contract allegedly induced through fraud. (ECF No. 7-2 at 2.) Plaintiff alleges that although it paid $10,000,000 to Defendant Green Energy Global, Inc. ("GEGI") for the assignment of two licenses to mine lithium in Bolivia, GEGI failed to provide proof that it has two lithium mining licenses to assign to Plaintiff. (*Id.*) Plaintiff alleges the government agency in charge of mining activities in Bolivia has publicly denounced GEGI's claim to mining licenses and awarded the lithium mining rights at issue to a Chinese consortium in January 2023. (*Id.*) Plaintiff filed the operative First Amended Complaint on March 17, 2023.

(ECF No. 6.) Plaintiff filed the instant *ex parte* motion for writ of attachment[1] and for temporary restraining order on March 27, 2023. (ECF No. 7.)

Under Federal Rule of Civil Procedure 64, "[a]t the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought." Fed. R. Civ. P. 64.

Plaintiff seeks *ex parte* relief under California Code of Civil Procedure §§ 512.020 ("§ 512.020") and 513.010 ("§ 513.010"). Section 512.020(b) provides, in relevant part, that a writ of possession may be issued *ex parte* if there appears to be probable cause that the "defendant acquired possession of the property in the ordinary course of his trade or business for commercial purposes" and:

> (i) The property is not necessary for the support of the defendant or his family; and
>
> (ii) There is an immediate danger that the property will become unavailable to levy by reason of being transferred, concealed, or removed from the state or will become substantially impaired in value by acts of destruction or by failure to take care of the property in a reasonable manner; and
>
> (iii) The *ex parte* issuance of a writ of possession is necessary to protect the property.

Cal. Civ. Proc. Code § 512.020(b)(3).

Additionally, California law allows a plaintiff to apply for a TRO upon filing an application for writ of possession. Cal. Code Civ. Pro. § 513.010(a). The TRO may be granted *ex parte* if all of the following are found:

> (1) The plaintiff has established the probable validity of his claim to possession of the property;
>
> (2) The plaintiff has provided an undertaking as required by Section 515.010; and

---

[1] Plaintiff refers to the writ as a "writ of attachment" and cites California laws referring to "writs of possession." Absent meaningful distinction from Plaintiff, the Court will use the terms interchangeably in this Order.

> (3) The plaintiff has established the probability that there is an immediate danger that the property claimed may become unavailable to levy by reason of being transferred, concealed, or removed or may become substantially impaired in value.

Cal. Code Civ. Pro 513.010(b).

Sections 512.020 and 513.010 each require Plaintiff to show there is an immediate danger that the property claimed may become unavailable to levy by reason of being transferred, concealed, or removed. Cal. Civ. Proc. Code §§ 512.020(b)(3), 513.010(b)(3); *see Farm Credit Servs. of Am., PCA v. Samra*, No. 2:20-CV-01142-TLN-DB, 2020 WL 4251070, at *4 (E.D. Cal. June 23, 2020) (granting *ex parte* relief because plaintiff provided evidence indicating there was an immediate danger of loss or damage to the collateral property).

In arguing it has made such a showing, Plaintiff broadly asserts,

> Nothing could more easily become unavailable to levy than funds in a bank, which the defendant with a click of a keyboard or a call to the bank move the funds out of state or out of the country. Nothing is more fungible than cash, and GEGI is potentially still holding all or part of $10 million that it owes to Indong. Therefore, there is good cause to issue the Writ and TRO *ex parte*, without notice.

Plaintiff fails to cite any evidence or authority to suggest *ex parte* relief is warranted under these circumstances. Plaintiff's conclusory assertion, without more, is insufficient to persuade the Court that there is an immediate danger that GEGI will transfer, conceal, or remove assets. Therefore, the Court concludes Plaintiff is not entitled to *ex parte* relief.

For the reasons set forth above, Plaintiff's *Ex Parte* Application for Writ of Attachment and Temporary Restraining Order is DENIED without prejudice. (ECF No. 7.)

IT IS SO ORDERED.

**Date: March 28, 2023**

Troy L. Nunley
United States District Judge