UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDONG ADVANCED MATERIALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GREEN ENERGY GLOBAL, INC., et al.,<br><br>Defendants. | No. 2:23-cv-00427-DJC-DB<br><br>**ORDER** |

Plaintiff comes before this Court after having already been denied relief on a substantially similar request. (ECF No. 9 (order by Judge Nunley denying Plaintiff's *ex parte* motion for writ of attachment and motion for temporary restraining order ("TRO") without prejudice).[1]) For the reasons set forth below, the Court DENIES Plaintiff's *ex parte* application.

### I.   ANALYSIS

**A.   Plaintiff Still Fails to Show It Is Entitled to *Ex Parte* Relief**

Though Plaintiff asks this Court to issue a writ of attachment, Plaintiff's justification for *ex parte* relief is based in part on the statutes governing writs of

---

[1] On April 4, 2023, this matter was transferred to the undersigned by order of Chief Judge Mueller. (ECF No. 11.)

possession.  (*See* ECF No. 12-1 at 6–7.)  *Compare* Cal. Code Civ. Proc. § 485.010 (governing writs of attachment), *with id.* at § 512.020(b)(3) (governing writs of possession).  Given that Plaintiff's request is for a writ of attachment, the Court analyzes the request under section 485.010.

In order to obtain *ex parte* relief, Plaintiff must show that "great or irreparable injury would result to the plaintiff if issuance of the order were delayed until the matter could be heard on notice."  Cal. Code Civ. Proc. § 485.010(a).  Section 485.010(b), in turn, defines "great or irreparable injury" for purposes of *ex parte* relief.  Although Plaintiff cites the wrong statute, its argument that "there is a great risk that the funds that Indong deposited into GEGI's account will become unavailable to levy by reason of being transferred, concealed or removed from this state" (ECF No. 12-1 at 7) is a basis for *ex parte* relief for a writ of attachment.  *See* Cal. Code Civ. Proc. § 485.010(b)(1) ("there is a great danger that the property sought to be attached would be . . . otherwise made unavailable to levy if issuance of the order were delayed until the matter could be heard on notice[ ]").  However, as with Plaintiff's initial request for *ex parte* relief, the instant request fails to satisfy this requirement.

The only substantive differences between Plaintiff's first and subsequent motions for a writ of attachment or TRO in the alternative is Plaintiff's affidavit from counsel, Malcolm Leader-Picone (*see* ECF No. 12-4), which includes some attached emails, and additional case citations (*see* ECF No. 12-1 at 10–11 (collecting cases)).  None of this is sufficient to show great or irreparable injury under Section 485.010(b).  The only probative new fact introduced in the renewed motion is an email from defense counsel wherein defense counsel indicated that it no longer retained physical custody of stocks acquired by Defendant from Plaintiff.  (*See* ECF No. 12-4 at 5.)  Plaintiff contends that this email indicates that Defendant is "willing[ ] to conceal assets and put them outside the reach of Indong's collection efforts."  (ECF No. 12-1 at 10.)  However, these assets appear unrelated to the $10 million at issue in this case, which is allegedly held in an account with Wells Fargo, and Plaintiff has not demonstrated to

the Court's satisfaction that the shares were improperly withheld.[2]

Moreover, the cases cited by Plaintiff actually illustrate the sort of specific evidence that is lacking in this case. For instance, in *Sunriver Trading Company Limited v. Double D Trade Company, LLC*, No. 1:08-cv-1824-AWI-GSA, 2008 WL 5395744 (E.D. Cal. Dec. 23, 2008), in finding great or irreparable injury, the court relied on the "apparent unwillingness of the defendant to submit to procedures intended to resolve Plaintiff's claims," *id.* at *4, a reference to the fact that the plaintiff had already obtained a default judgment against the defendant in a properly served suit regarding the claimed funds, *see id.* at *1. Similarly, in *Handley v. Melza*, No. 2:22-cv-797-MCS-MAR, 2022 WL 3640203 (C.D. Cal. Feb. 15, 2022), in granting *ex parte* relief, the court relied on the fact that the "Defendant ha[d] already refused to comply with an attachment order issued by the District Court of Amsterdam by concealing assets and disclosing only valueless assets, and subsequently fled the Netherlands in order to avoid further enforcement of the Netherlands Order." *Id*. at *5. In both instances, then, the defendants had acted in the past in a manner that suggested they would not comply with court process. The Plaintiff has presented no such evidence here.

Finally, the declaration of Plaintiff's attorney, Mr. Leader-Picone, is insufficient to establish an inference that the property sought to be attached is likely to be concealed. Mr. Leader-Picone is not a qualified expert, *see* Fed. Rule of Evidence 702, and in any event repeats the conclusory evidence the Court previously found insufficient (*see* ECF No.12-4, ¶ 4.). California courts have held that such conclusory allegations are insufficient to establish irreparable injury. *See Western Steel & Ship Repair, Inc. v. RMI, Inc.*,176 Cal. App. 3d 1108, 1114 (Cal. Ct. App. 1986) (finding insufficient an affidavit stating that "if [defendant] RMI, INC. was given any notice at all

---

[2] The emails reference a default judgment in another proceeding. It is unclear to the Court at this stage who has a right to those shares, what their connection may be to other litigation, and what relevance they have to the dispute at issue in this case.

3

of this hearing, RMI would take whatever steps were necessary to hide its assets so as to prevent attachment of these assets[ ]").

**B.      Denying Alternative Motion for a Temporary Restraining Order**

Finally, Plaintiff moves in the alternative for a TRO. (*See* ECF No. 12-1 at 11.)  As an initial matter, Plaintiff has failed to comply with Federal Rule of Civil Procedure 65(b)(1)(B), which requires counsel to "certif[y] in writing any efforts made to give notice and the reasons why it should not be required."  No such certification was included in Plaintiff's application.

On the merits, the deficient showings of harm described above, *see supra* Part I.A, similarly require denial of Plaintiff's motion for a TRO under any standard for prejudgment preliminary injunctive relief.  *See* Fed. Rule of Proc. 64(a) (providing that every remedy regarding seizing people or property available under the law of the state where the federal court resides is available throughout the action "[b]ut a federal statute governs to the extent it applies[ ]").  Under California law, a temporary injunctive order, like an *ex parte* application for a writ of attachment, requires a showing of great harm.  Cal. Code Civ. Proc. § 485.010; *see id.* at § 486.020 (referencing Cal. Code Civ. Proc. § 485.010 for definition of "great or irreparable injury").  As explained above, Plaintiff has failed to make this showing.  Likewise, under the federal *Winter* standard for injunctive relief, the movant must show: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tip in the movant's favor; and (4) that an injunction is in the public interest.  *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that the standards for a preliminary injunction and a TRO are "substantially identical").  Assuming Plaintiff has shown a likelihood of success on the merits, monetary harm alone does not constitute irreparable harm, especially where, as here, monetary damages could provide adequate relief.  *See Los Angeles Memorial*

*Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1201–02 (9th Cir. 1980).

## II. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED Plaintiff's *Ex Parte* Application for Writ of Attachment and Temporary Restraining Order is DENIED. (ECF No. 12.) Any further applications for relief, including emergency relief, shall be made through a properly noticed motion.

IT IS SO ORDERED.

Dated:   **April 10, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE